IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ELLSWORTH O'HARA, | ) |
| Petitioner, | ) Civil Action No. 06-177 Erie |
| v. | ) |
| | ) DISTRICT JUDGE McLAUGHLIN |
| MARILYN S. BROOKS, et al., | ) MAGISTRATE JUDGE BAXTER |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

### II.   REPORT

Petitioner, John Ellsworth O'Hara, is a state prisoner incarcerated at the State Correctional Institution located in Albion, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Documents 5 & 6).

Respondents have submitted the relevant transcripts and portions of the state court record ("SCR") in hard-copy format. Documents contained in the SCR are indexed as "Items" numbered 1 through 74.

#### A.   Relevant Factual and Procedural History

On August 9, 1990, Petitioner appeared before the Honorable Shad Connelly of the Court of Common Pleas of Erie County and pleaded guilty to two counts of burglary and one count each of aggravated indecent assault and possessing instruments of crime. Public Defender Michael Palmisano, Esq., represented him.

On September 10, 1990, Judge Connelly sentenced Petitioner to an aggregate term of

1

imprisonment of 27 ½ to 55 years.  Petitioner filed a motion for reconsideration of his sentence, which was denied on January 23, 1991.  No direct appeal was filed.

On June 25, 1991, Petitioner filed a *pro se* motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq*.  (SCR, Item 14).  Judge Connelly appointed Jack E. Grayer, Esq., to represent Petitioner and the court subsequently denied PCRA relief.  (SCR, Item 18).  Petitioner appealed and Attorney Grayer filed a petition with the Superior Court of Pennsylvania to withdraw as counsel on the basis that the issues that Petitioner raised on appeal were meritless.  On September 14, 1992, the Superior Court granted Attorney Grayer's request to withdraw.  (SCR, Item 23).  On that same date, the Superior Court issued a memorandum decision affirming the denial of PCRA relief and explaining that the three claims that Petitioner raised on appeal – that his guilty plea was not knowing, intelligent or voluntary; that his sentence was too harsh; and, that his trial counsel was ineffective for failing to file a direct appeal – were waived.  (Id.)

Next, on May 25, 1994, Petitioner filed a motion to withdraw his guilty plea *nunc pro tunc*.  (SCR, Item 24).  Judge Connelly denied the motion the next day.  (SCR, Items 25, 31).  Petitioner appealed and the Superior Court appointed Michael J. Nies, Esq., to represent him on appeal.  On July 10, 1995, the Superior Court granted Attorney Nies's motion to withdraw, held that Petitioner's plea was voluntarily and knowingly entered, and affirmed the denial of relief.  (SCR, Item 35).

More than seven years later, on November 25, 2002, Petitioner filed another PCRA motion.  (SCR, Item 37).  In that motion, Petitioner contended that there was insufficient evidence to support his convictions; that his plea was unlawfully induced; that the police conducted an illegal line up; that his counsel provided him with ineffective assistance in the filing of a suppression motion; that counsel improperly advised him to plead guilty; and, that he was denied the right to be present at his arraignment.  (Id. at 3).  Judge Connelly denied the motion as untimely filed under the PCRA.  (SCR, Item 38).  The Superior Court affirmed on August 4, 2003.  (SCR, Item 44).

On March 8, 2004, Petitioner filed a motion for the performance of forensic D.N.A. testing.  (SCR, Item 45).  Judge Connelly denied the motion, holding: "There is no basis in fact (the defendant pled guilty) or law (identity was not an issue in the original proceedings) for post-

2

conviction forensic D.N.A. testing." (SCR, Item 49). Next, in November 2004, Petitioner filed a motion to have his appellate rights restored. (SCR, Item 54). Judge Connelly denied that motion. (SCR, Item 55). Then, Petitioner filed a motion for dismissal of his charges or a release from custody, which Judge Connelly denied on January 7, 2005. (SCR, Item 57). The Superior Court affirmed on December 13, 2005.

Petitioner began proceedings in this court, at the very earliest, on August 7, 2006, the date he signed the Petition for Writ of Habeas Corpus. In the petition, he claims that his guilty plea was not knowing, intelligent, or voluntary, and he raises numerous additional claims of constitutional error, centered upon counsels' alleged ineffective assistance, prosecutorial misconduct, and trial court error. (Document 5, ¶ 13; Document 6). He states that many of his claims are supported by what he describes as "newly discovered evidence," which he contends he did not receive "until after sentencing. Received evidence between 1995-2003." (Id., ¶ 14).

### B.     Time Period for Filing Federal Habeas Corpus Petitions

Petitioner's claims are untimely under the one-year statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is codified in relevant part at 28 U.S.C. § 2244(d)(1)(A)-(D).[1]

Subsection (A) of 28 U.S.C. § 2244(d)(1), which applies in the typical case, specifies that a state prisoner has one year from the date his judgment of sentence becomes final (which is at the conclusion of his direct appeal) to file a timely federal habeas petition. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). In this case, because Petitioner's direct appeal concluded *prior* to the April 24, 1996 effective date of AEDPA, he had one year from that date–until **April 23, 1997**–to file a timely habeas petition under 28 U.S.C. § 2244(d)(1)(A). Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Petitioner did not file the instant petition until August 2006, more than nine years after

---

[1] Neither subsection (B) nor subsection (C) of 28 U.S.C. § 2244(d)(1) is relevant to Petitioner's case. The Commonwealth has not unlawfully prevented Petitioner from filing a habeas petition, § 2244(d)(1)(B), and his claims are not based upon a new, retroactive rule of constitutional law subsequently recognized by the United State Supreme Court, § 2244(d)(1)(C).

3

the limitations period under Subsection (A) expired.[2]

Subsection (D) of § 2244(d)(1) provides a later filing date than that provided in subsection (A) and governs circumstances in which claims could not have been litigated in federal habeas court within one year after the conclusion of state direct review. Under Subsection (D), AEDPA's one-year time period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In the instant petition, Petitioner contends that he did not learn of the evidence to support many of his claims until "after sentencing" "between 1995-2003." (Document 5, ¶ 14). He fails to identify, however, what evidence he received between those dates or how that affected his ability to file a federal habeas petition until August 2006. A review of the allegations that he makes in his "Memorandum in Support of § 2254 Habeas Corpus Petition" (Document 6) demonstrates the factual allegations that he relies upon to support his claims do not qualify as "newly discovered" evidence under subsection (D), thus making that subsection of AEDPA's limitations period unavailable to him. Petitioner's allegations are based upon either information he received many years ago or information that could have been discovered many years ago through the exercise of due diligence. See, e.g., Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004).

Finally, the doctrine of equitable tolling does not work to save Petitioner's claims. "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The Court of Appeals has cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (internal quotations, citations, and bracketed text omitted). A litigant seeking equitable tolling bears the burden of establishing two

---

[2] AEDPA's limitations period is statutorily tolled during the pendency of a "properly filed" application for state collateral review, 28 U.S.C. § 2244(d)(2). The state court record demonstrates that there were no state-post conviction petitions pending between April 1996 to April 1997 that would have served to statutorily toll the limitations period.

elements: (1) he has exercised reasonable diligence in attempting to investigate and bring his claims, and (2) he was in some extraordinary way prevented from bringing his claims. Lacava, 398 F.3d at 276-78; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has not established those two elements in this case.

### C.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Petitioner was filed within the one-year limitation period which is provided for under AEDPA. Accordingly, a certificate of appealability should be denied.

### **III.    CONCLUSION**

Wherefore, on the basis of the foregoing, it is respectfully recommended that the instant petition for writ of habeas corpus be denied and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ SusanParadise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 14, 2007