IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN ELLSWORTH O'HARA,** | ) |
| Petitioner, | ) Civil Action No. 06-177 Erie |
| v. | ) |
| **MARILYN S. BROOKS, et al.,** | ) DISTRICT JUDGE McLAUGHLIN |
| | ) MAGISTRATE JUDGE BAXTER |
| Respondents. | ) |

## M E M O R A N D U M   O R D E R

### I.

This habeas action filed pursuant to 28 U.S.C. § 2254 was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On May 14, 2007, Magistrate Judge Baxter issued a Report and Recommendation (Doc. No. 14) recommending that the petition be denied as it was barred by the applicable statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and codified at 28 U.S.C. § 2244(d)(1).

Petitioner has filed Objections to the Report and Recommendation. (Doc. No. 15). Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. See 28 U.S.C.§ 636(b)(1). Accordingly, the Court has carefully examined *de novo* all claims raised by Petitioner in his objections and finds that they have no merit.

### II.

On August 9, 1990, Petitioner appeared before the Honorable Shad Connelly of the Court of Common Pleas of Erie County and pleaded guilty to two counts of burglary and one count each of aggravated indecent assault and possessing instruments of crime. Public Defender Michael Palmisano, Esq., represented him. On September 10, 1990, Judge Connelly sentenced

him to an aggregate term of imprisonment of 27 ½ to 55 years.  No direct appeal was filed.

In September 1994, Judge Connelly granted Petitioner permission to file a notice of appeal nunc pro tunc and Michael J. Nies, Esq., was appointed to represent him.  (State Court Record "SCR," Items 25-29).  On appeal, Petitioner claimed that his guilty plea was void because it was not knowingly or voluntarily entered.  On July 10, 1995, the Superior Court affirmed Petitioner's judgment of sentence, concluding that: "If there is anything about this case that is clear, it is that [Petitioner] voluntarily and knowingly entered his pleas of guilty."  (SCR, Item 35 at p. 2).  Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court; accordingly, his judgment of sentence became final, at the very latest, on or around August 9, 1995, when the time period for filing such a petition expired.  Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).  (See also SCR, Item 38 at p. 1).

Because Petitioner's direct appeal proceedings concluded *prior* to the April 24, 1996 effective date of AEDPA, he had one year from that date–through **April 23, 1997**–to file a timely habeas petition under 28 U.S.C. § 2244(d)(1)(A).[1]  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  The instant petition for writ of habeas corpus, filed in August 2006, is thus untimely.

In the Objections, Petitioner claims that he instructed Attorney Palmisano to appeal his September 1990 judgment of sentence, but that counsel ignored his request.  As a result, he contends, counsel provided him with constitutionally ineffective assistance and his judgment of sentence never became final.  That argument has no merit.  The state court reinstituted Petitioner's direct appeal rights nunc pro tunc in 1994.  The Superior Court considered on the merits his claim that his guilty plea was not knowing or voluntary, and affirmed his judgment of sentence on July 10, 1995.  Petitioner did not file a petition for allowance of appeal with the

---

[1] Magistrate Judge Baxter explained that although AEDPA's limitations period is statutorily tolled during the pendency of a "properly filed" application for state collateral review, 28 U.S.C. § 2244(d)(2), and although Petitioner had filed several motions for post-conviction relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), the state court record demonstrates that there were no state post-conviction petitions pending between April 1996 to April 1997 that would have served to statutorily toll the limitations period.

Supreme Court of Pennsylvania. Accordingly, his judgment of sentence became final by operation of law on or around August 9, 1995, at the very latest.

The real issue presented by Petitioner's objections is whether he is entitled to have AEDPA's limitations period *equitably tolled* due to Attorney Palmisano's alleged ineffective assistance. Equitable tolling "is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The Court of Appeals has cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (internal quotations, citations, and bracketed text omitted).

A litigant seeking equitable tolling bears the burden of establishing two elements: (1) he was in some extraordinary way prevented from bringing his claims, *and* (2) he has exercised reasonable diligence in attempting to investigate and bring his claims. Lacava, 398 F.3d at 276-78; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has not established these two elements.

Petitioner's allegations regarding Attorney Palmisano do not describe conduct that resulted in the level of "extraordinary" circumstances necessary to apply equitable tolling. In 1994, the state court reinstituted Petitioner's direct appeal nunc pro tunc. Thus, Attorney Palmisano's alleged failure to pursue a direct appeal in 1990 on Petitioner's behalf ultimately did not prejudice him, much less affect him in an "extraordinary" manner. For that reason alone, Petitioner's allegations regarding his counsel's alleged misconduct do not entitle him to equitable tolling.

It if further noted, however, that generally in non-capital cases "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244

3

(3d Cir. 2001). And, although the Court of Appeals has indicated that equitable tolling may be appropriate when a petitioner's counsel *affirmatively misrepresented to his client that an appeal was filed* and the petitioner relied to his detriment on that misrepresentation, Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 237 (3d Cir. 1999) (considering the timeliness of a complaint in Title VII case), Petitioner makes no such allegations in this case. See e.g., Schlueter v. Varner, 384 F.3d 69, 76-78 (3d Cir. 2004) (federal habeas corpus case in which equitable tolling held not to apply; distinguishing Seitzinger on the basis that, in Schlueter's case, there was no affirmative misrepresentation that an appeal had been pursued); Lacava, 398 F.3d at 276 ("the circumstances of this case are certainly distinguishable from that presented in Seitzinger…, where we held that an attorney's affirmative misrepresentation to his client that he had filed a timely complaint on her behalf when in fact he had not, coupled with the plaintiff's extreme diligence in pursing her claim, 'created a situation appropriate for tolling.'") In the Objections, Petitioner contends that Attorney Palmisano *ignored* his request to file an appeal; he does not allege that counsel affirmatively misrepresented that he had in fact pursued an appeal on Petitioner's behalf. Thus, Petitioner's allegations do not describe malfeasance on counsel's part that, if later determined to be true, would amount to an "extraordinary circumstance." Schlueter, 384 F.3d at 76-78 (attorney's misconduct did not constitute an extraordinary circumstance where that attorney did not keep his promise to file petitioner's PCRA petition on time and failed to communicate further with petitioner about the status of his petition); Lacava, 398 F.3d at 276-77 ("LaCava fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition….LaCava advances no allegations of attorney malfeasance that would elevate this case to an 'extraordinary circumstance' sufficient to warrant equitable tolling."); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not warranted where the petitioner relied on erroneous advice from his state public defender that he had one year from the date of denial of post-conviction relief to file his federal habeas petition).

Petitioner also has not demonstrated that he exercised reasonable diligence in pursuing relief from his judgment of sentence.  The state court record reflects that he did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania after the Superior Court denied his appeal on the merits in July 1995.  And, after the Superior Court denied his appeal in July 1995, Petitioner waited more than seven years before he filed his November 2002 PCRA motion (which the state court denied as untimely (SCR, Items 38, 44)).  During the time between the Superior Court's July 1995 decision and Petitioner's untimely November 2002 PCRA motion, AEDPA's limitations period expired.  Petitioner has not directed this court to any evidence to demonstrate that he diligently pursed his claims during the relevant time period between April 24, 1996 through April 23, 1997.

In conclusion, contrary to Petitioner's Objections, the Magistrate Judge determined the petition for writ of habeas corpus is untimely.

AND NOW, this 8th day of June, 2007;

Following a *de novo* review of the pleadings and record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter be adopted as the opinion of this Court.

IT IS FURTHER ORDERED that the Clerk of Courts is directed to close this case.

_____
SEAN J. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE